# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDELKRIM HAJRI, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     Civil Action No.<br>)     14-10332-FDS |
| WCAC-TV, et al., | )<br>) |
| Defendants. | )<br>) |

## PROCEDURAL ORDER ON PENDING MOTIONS

**SAYLOR, D.J.**

On February 14, 2014, plaintiff Abdelkrim Hajri, a resident of Waltham, filed an employment discrimination complaint accompanied by an Application to Proceed Without Prepayment of Fees (AO 240 - short form). On April 2, 2014, plaintiff filed a motion for appointment of counsel. For the reasons stated below, the Court will deny without prejudice plaintiff's application to proceed without prepayment of the filing fee and motion for appointment of counsel.

## I. Application to Proceed Without Prepayment of Fees

A litigant filing a complaint in this Court must either (1) pay the $350 filing fee and the $50 administrative fee, *see* 28 U.S.C. § 1914(a) ($350 filing fee for all non-habeas civil actions), or (2) file a motion for leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1914 ($350 filing fee); § 1915 (proceedings *in forma pauperis*). In considering an application to waive the filing fee, "a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman v. The City of New York*, 195 F. Supp. 2d

534, 537(S.D.N.Y. 2002) *quoting Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978) (other citations omitted).

Here, plaintiff indicates that he is not employed and has no source of income. He indicates that he does not have any money, owns no property, and has no dependents. The application does not reveal how plaintiff supports himself. Furthermore, he failed to answer Question 2(b) concerning his last employment. Based on the incomplete disclosures, the application is denied without prejudice to its renewal.

Plaintiff may submit a new application to proceed without prepayment of fees. Because this Court may consider the assets of a supporting relative in determining whether a litigant is entitled to *in forma pauperis* status, if plaintiff seeks to renew his request, he shall provide financial disclosures of any relative or other person who ordinarily provides him with the necessities of life. The plaintiff may wish to submit the "Long Form" application. *See* AO Form 239. Plaintiff shall also disclose whether he possesses any credit cards, along with the balance owed and credit limits, so that the Court may determine whether charging the filing fee to his credit card is a viable option.[1]

## II.  Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. Cir. 1991). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness

---

[1] The Clerk's Office accepts payment of the filing fee through credit cards. Thus, even if plaintiff cannot readily produce the filing fee, he may have the option of charging the fee to his credit card, and make payments to that credit company in installments.

impinging on the party's due process rights. *See id.* To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *See id.* at 24.

Because plaintiff's application to proceed without prepayment of fees was incomplete, the Court cannot determine whether plaintiff is indigent pursuant to § 1915. The Court therefore denies without prejudice the motion for appointment of counsel.

## III. Conclusion

Plaintiff's motion for appointment of counsel and application to proceed without prepayment of fees are DENIED without prejudice to their renewal. If plaintiff wishes to proceed with this action, he shall, within 21 days of the date of this Order, either pay the $400 filing fee or file a new, fully completed application to proceed without prepayment of fees. The clerk shall send plaintiff a copy of the AO 239 Long Form Application to Proceed in District Court Without Prepaying Fees or Costs. Failure of plaintiff to comply with this directive within 21 days of the date of this procedural order may result in the dismissal of this action.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: May 1, 2014